UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ALICIA K. RICHARDS<br>f/k/a/ ALICIA BETTS n/k/a/<br>ALICIA TICHY<br><br>        Plaintiff<br><br>v.<br><br>RUSHMORE LOAN MANAGEMENT<br>SERVICES, LLC<br><br>and<br><br>SAFEGUARD PROPERTIES<br>MANAGEMENT SERVICES, LLC<br><br>        Defendants | CASE NO.<br><br>JUDGE:<br><br><br><br><br><br>**NOTICE OF REMOVAL** |

Please take notice that Defendant Safeguard Properties Management Services, LLC ("Safeguard) hereby removes the action captioned *Richards v. Rushmore Loan Management Services, LLC et al*, YORSC-CV-2020 -177 ("State Case"), from the York County Superior Court (Portland), to the United States District Court for the District of Maine, Portland Division, pursuant to 28 U.S.C. §§ 1332, 1334, 1441, 1446 and 1452.  A copy of the Complaint, Summons served upon Safeguard, Summons served upon Rushmore Loan Management Services, Summary Sheet, Answer and Affirmative Defenses of Safeguard Properties Management Services, LLC and docket record are attached as Exhibits A, B, C, D, E and F respectively.

In support of its Notice of Removal Defendant states:

    1.    Plaintiff alleges she is a resident of Meredith, County of Belknap, State of New Hampshire.  (Exhibit A, at ¶ 2)

2. Plaintiff alleges Rushmore Loan Management Services, LLC ("Rushmore") is a corporation organized and existing under the laws of the state of Delaware. (Exhibit A, at ¶ 2) Plaintiff does not allege a principal place of business for Rushmore.

3. Safeguard, the second defendant in this matter is a corporation organized and existing under the laws of the state of Delaware with its principal place of business in Ohio.

4. On September 8, 2020 Plaintiff served a copy of the Complaint and Summons in the State Case on Safeguard's registered agent for service in Maine. See Exhibit B.

5. Plaintiff has alleged that Safeguard violated the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(a)(2) in a number of ways and that its actions "conduct the natura consequence of which is to harass, oppress or abuse the Borrower in connection with the collection of a debt" and are in violation of 15 U.S.C. § 1692c(a)(2). (Exhibit A, at ¶ ¶ 53 to 63).

6. Plaintiff has also alleged that Safeguard owed a duty to her, "to avoid actions in the Foreclosure Action which violated State and Federal law where the likely result from such action was to cause Tichy to incur additional legal fees with respect to the Foreclosure Action and severe and emotional distress." (Exhibit A, at ¶ 70).

7. Safeguard denies all material allegations and denies it is a debt collector as defined by the Federal Fair Debt Collection Practices Act.

8. Without specifying an amount, Plaintiff seeks compensatory and exemplary damages from Defendants, statutory damages of $15,000, as well as payment of attorney fees, and it seems reasonable to conclude that the amount in controversy exceeds $75,000, exclusive of interest and costs. (Exhibit A ¶ 67, 68, 73 and *ad damnum* clause)

9. Therefore, this Court has jurisdiction because certain claims of the Plaintiff are premised on the application of a federal statute. 28 U.S.C § 1331

10. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as it involves citizens of different states and the amount in controversy appears to exceed $75,000.

11. The York County Superior Court is located within the jurisdiction of the United States District Court for the District of Maine, Portland Division.

12. Removal of this action is proper under 28 U.S.C. § 1441 as this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because there is a federal question, and 1332(a), as this action is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

13. This Notice is filed within thirty days after commencement of this action. Therefore, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

14. At the time of filing, counsel for Safeguard does not know if Rushmore has been served with a copy of the State Court Complaint, never mind whether it consents to removal.

15. Safeguard will promptly file a copy of this Notice of Removal with the Clerk of the York County Superior Court, and will serve copies of the same on Plaintiff.

Based on the foregoing, Safeguard removes this action from the York County Superior Court to this Honorable Court.

Dated at Portland, Maine this 30th day of September, 2020.

*/s/ John F. Lambert, Jr.*

John F. Lambert, Jr., Bar No. 2406
Counsel for Safeguard Properties
Management, LLC

Lambert Coffin
P.O. Box 15215
Portland, ME  04112-5215
207-874-4000
jlambert@lambertcoffin.com

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served counsel for the Plaintiff with a true and correct copy of the within and foregoing Notice of Removal both by electronic mail and by placing a copy of same in the United States Mail with adequate First Class postage affixed thereon, addressed as follows:

John D. Clifford, IV, Esq.
Clifford & Golden
P.O. Box 368
Lisbon Falls, ME  04252

*/s/ John F. Lambert, Jr.*

John F. Lambert, Jr., Bar No. 2406
Lambert Coffin
P.O. Box 15215
Portland, ME  04112-5215
207-874-4000
jlambert@lambertcoffin.com