| | |
|---|---|
| STATE OF MAINE<br>YORK          ss | SUPERIOR COURT<br>CIVIL ACTION # CV-20-177 |
| ALICIA K. RICHARDS f/k/a ALICIA BETTS n/k/a ALICIA TICHY<br><br>PLAINTIFF<br><br>v.<br><br>RUSHMORE LOAN MANAGEMENT SERVICES, LLC<br><br>And<br><br>SAFEGUARD PROPERTIES MANAGEMENT, LLC.<br><br>DEFENDANTS | COMPLAINT |

NOW COMES Plaintiff, by and through her undersigned attorney and complains against the Defendants as follows:

## I: JURIDICTION AND VENUE

1. Venue is appropriate as the property the property which secured the mortgage loan at issue is located the Town of Buxton in York County, Maine.

## II: PARTIES

2. Plaintiff Alicia R. Tichy (hereafter "Tichy") is a resident of Meredith in the County of Belknap and State of New Hampshire.

3. Defendant Rushmore Loan Management Services, LLC is a corporation organized and existing under the laws of the State of Delaware.

4. Defendant Safeguard Properties Management, LLC is a corporation organized and existing under the laws of the State of Delaware.

A TRUE COPY

Attest _____
Clerk of Courts

1

YORK COUNTY SUPERIOR
SEP 17 '20 AM 11:32

## III: FACTS REGARDING RUSHMORE

5. Rushmore is licensed as a debt collector to collect consumer debts in the State of Maine by the Maine Bureau of Consumer Credit Protection.

6. Rushmore regularly engages in the business of attempting to collect debts in the State of Maine.

7. Rushmore regularly engages in the business of enforcing mortgages securing debts and collecting such debts in the State of Maine.

8. Rushmore collects debts using the mails and telephone as instrumentalities of interstate commerce, and regularly engages in attempts to collect debts alleged by Rushmore to be due to others than itself.

9. Rushmore is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) and the Maine FDCPA, 32 M.R.S. § 11002(6) & 11003(7)(C).

10. Rushmore is licensed as a mortgage servicer to conduct mortgage servicing activities in the State of Maine by the Maine Bureau of Consumer Credit Protection.

11. Rushmore is regularly engaged in receiving periodic payments from Maine homeowners pursuant to the terms of Maine mortgages, making or advancing payments to the owners or other 3rd parties with respect to Maine mortgage loans and evaluating Maine homeowners for loss mitigation or loss modification options and therefore is a mortgage servicer within the meaning of 14 M.R.S. § 6113.

12. At all times, Rushmore has been servicing the loan at issue in the case on behalf of Wilmington Savings Fund Society, FSB, d/b/a Christina Trust, not individually but as Trustee for Carlsbad Funding Mortgage Trust.

13. Upon acquiring the servicing rights of the Tichy Loan that is the subject of this action, Rushmore treated the loan that is the subject of this action as being in default.

### IV: FACTS REGARDING SAFEGUARD

14. Safeguard is a property preservation company which purports to preserve vacant and foreclosure properties throughout the United States including the State of Maine and having a principal place of business at Valley View Ohio.

15. Safeguard is a licensed Real Estate preservation services provider in the State of Maine and carries a certificate with the Maine Bureau of Consumer Credit Protection.

16. Safeguard is a debt collector within the meaning of 32 M.R.S. 11002(6) and (8-A).

17. At all times herein relevant, upon information and belief, Safeguard was acting at the direction and as agent of Rushmore.

18. Prior to the foreclosure of the loan, which is the subject of this action, Tichy lived at the property which is the subject of the mortgage at issue in this action in the Town of Buxton, County of York, and State of Maine (the "Property").

19. While the foreclosure action described below was pending, Tichy was represented by the undersigned counsel and a former partner who was in regular communication with counsel hired by Rushmore to represent the owner of the loan at issue in this matter and directed by Rushmore.

20. At all times material hereto while the Tichy Loan as described below was owned by Wilmington Savings Fund Society, FSB, d/b/a Christina Trust, not individually but as Trustee for Carlsbad Funding Mortgage Trust., it was serviced by Rushmore.

21. Upon information and belief, it was Rushmore which hired Wilmington's counsel and accordingly Rushmore knew that the undersigned represented Tichy with respect to the loan described below.

22. Since Rushmore became servicer for the loan at issue in this matter and at the commencement of the aforesaid foreclosure action, Rushmore has known that Tichy was represented by the undersigned attorneys with respect to the loan which is the subject of this action, and/or has been able to readily ascertain the name and address of Tichy's attorneys.

## V: FACTS REGARDING THE FORECLOSURE ACTION

23. By a complaint filed in November, 2017 in the Maine District Court at Biddeford and bearing the Docket # BIDDC-RE-2017-00098, Wilmington sought a judicial order of foreclosure against the Property of Tichy pursuant to 14 M.R.S. §§ 6321 et al (the "Foreclosure Action").

24. In the Foreclosure Action, Wilmington was represented by the Bendett & McHugh PC law firm and lately by the firm of Brock & Scott.

25. The Bendett & McHugh legal file relating to the Foreclosure Action included documents showing that the Foreclosure Action had been filed in the Biddeford District Court in 2017 and that the undersigned law firm represented Tichy with respect to the Note, Mortgage and Foreclosure Action.

## VI: FACTS REGARDING THE WRONGFUL SERVICING CONDUCT OF RUSHMORE

26. At all times from late December 2017 through at least May of 2020, Rushmore ignored the fact that Tichy was and is represented by counsel.

4

27. Since at least since the late fall of 2017 and continuing thereafter, Rushmore began sending monthly mortgage statements to Tichy showing that monthly mortgage payments were due, and were overdue, that late fees were being assessed, that property inspection fees were being added to the loan account, and that the Tichy Loan account was being charged for real estate taxes and insurance payments relating to the Property and being made by Rushmore.

28. Between February 2018 and March 2020, all after Rushmore had actual notice of the fact that Tichy was represented by counsel, Rushmore sent multiple Vacant Property Notices directly to Tichy.

29. Beginning in the summer of 2017 and continuing thereafter, Rushmore began sending letters directly to Tichy demanding that she provide proof of property insurance for the Property, or telling her that Rushmore had purchased insurance on the Property and charged the cost of it to Tichy's mortgage loan account.

30. In January of 2020 Rushmore sent a letter directly to Tichy asserting that her loan was in default and telling her that foreclosure activities against her would commence unless she applied for and was approved for a loss mitigation option.

31. Rushmore sent mortgage statements directly to Tichy on a monthly basis.

32. In all of the foregoing collection activities, Rushmore communicated directly with Tichy and ignored the fact that since December, 2017, Tichy was represented by counsel whose name and address were known to or available to Rushmore.

33. The actions of Rushmore in starting to send mortgage statements and collection letters to Tichy after December, 2017 created substantial anxiety for her.

34. With mortgage statements coming to her from Rushmore every month showing growing late fees and insurance and tax charges, Tichy's anxiety was steadily increasing.

35. Tichy began to doubt that she could ever have peace of mind and freedom from the cloud of doubt created by Rushmore's collection activities and as to how the issues being raised by Rushmore could be finally resolved, despite the fact that she was at all times represented by counsel known to, and ignored by, Rushmore.

36. The combination of frequent letters from Rushmore, worries and anxiety about her situation regarding the Tichy Loan, and possible needs for counsel which she could not afford, led to tension, stain and discord in the relationship between Tichy and her then husband.

37. Between February 2017 and May 2020, Rushmore's agent Safeguard on behalf of Rushmore and without notice to either Tichy or Tichy's counsel, made numerous entries on the Tichy property without any permission from Tichy or her counsel to do so.

38. In entering the Tichy property, Rushmore's agent Safeguard acting on behalf of Rushmore broke through exterior doors; changed locks, ransacked the living areas of the house and barn, shut off the power, drained the pipes and removed, upon information and belief, personal property.

39. After one such break-in in June of 2018, Safeguard claimed that its purpose in entering the premises was to drain the pipes to prevent freezing.

40. Rushmore's agent Safeguard on behalf of Rushmore filed false and malicious claims of criminal activity on the part of Tichy with the Buxton Police Department which had as a natural consequence the infliction of mental and emotional distress on Tichy.

6

41. The conduct of Safeguard outlined above was undertaken in furtherance of the collection actions of its principal Rushmore.

42. Tichy has suffered damage as a result of the aforesaid wrongful actions of Rushmore and Safeguard.

43. Rushmore violated the Federal FDCPA, 15 USC §1692c(a)(2) and the Maine FDCPA, 32 M.R.S. 11012(1)(B) by communicating directly with Tichy after having been informed that she was and is represented by counsel.

44. The foregoing actions of Rushmore constitute "conduct the natural consequence of which is to harass, oppress or abuse the Borrower in connection with the collection of a debt" in violation of 15 USC §1692(d) and 32 M.R.S. §11013.

45. Rushmore's conduct described above constitutes a pattern and practice of violations of the FDCPA.

46. Rushmore has engaged is conduct similar to or the same as described in this Complaint with other borrowers, including without limitation the conduct described in the matter of *Joy v. Rushmore Loan Management Services*, Case No 2:16-cv-00262-NT filed in the Federal District Court for Maine on May 25, 2016), and that conduct with other borrowers together with its repeated violations of the FDCPA in this case constitute a pattern and practice of violations of the FDCPA.

47. As a result of the above violations of the FDCPA, the Defendant Rushmore is liable to the Plaintiff for declaratory judgment that defendant's conduct violated the FDCPA, and judgment awarding Plaintiff her actual damages, which include damages for emotional distress, statutory damages, costs and attorney's fees and for such other and further relief as may be just and proper.

## VII: FACTS REGARDING THE WRONGFUL SERVICING CONDUCT OF SAFEGUARD

48. Tichy repeats the preceding allegations of this Complaint as if set forth fully in this Count VII.

49. At all times from as late as February 2018 through at least May of 2020, Safeguard ignored the fact that Tichy was and is represented by counsel.

50. Between February 2017 and May 2020, Safeguard on behalf of Rushmore and without notice to either Tichy or Tichy's counsel, made numerous entries on the Tichy property.

51. In entering the Tichy property, Safeguard on behalf of Rushmore broke through exterior doors; changed locks, ransacked the living areas of the house and barn, shut off the power, drained the pipes and removed, upon information and belief, personal property.

52. Safeguard on behalf of Rushmore filed a false and malicious claim of criminal activity on the part of Tichy with the Buxton Police Department which had as a natural consequence the infliction of mental and emotional distress on Tichy.

53. Safeguard violated the Federal FDCPA, 15 USC §1692c(a)(2) and the Maine FDCPA, 32 M.R.S. 11012(1)(B) by communicating directly with Tichy after having been informed that she was and is represented by counsel.

54. The foregoing actions of Safeguard constitute "conduct the natural consequence of which is to harass, oppress or abuse the Borrower in connection with the collection of a debt" in violation of 15 USC §1692(d) and 32 M.R.S. §11013.

55. Safeguard's acts as described above were done intentionally with the purpose of coercing Tichy to pay the alleged debt in furtherance of the interests of its principal.

56. Safeguard violated the Federal FDCPA, 15 USC §1692c(a)(2) and the Maine FDCPA, 32 M.R.S. 11012(1)(B) by communicating directly with Tichy after having been informed that she was and is represented by counsel.

57. The foregoing actions of Safeguard constitute "conduct the natural consequence of which is to harass, oppress or abuse the Borrower in connection with the collection of a debt" in violation of 15 USC §1692(d) and 32 M.R.S. §11013.

58. Safeguard's conduct described above constitutes a pattern and practice of violations of the FDCPA.

59. Upon information and belief, Safeguard has engaged is conduct similar to or the same as described in this Complaint with other borrowers and that conduct with other borrowers together with its repeated violations of the FDCPA in this case constitute a pattern and practice of violations of the FDCPA.

60. That the foregoing actions of Safeguard constitute the tort of Trespass on Plaintiff's real property.

61. As a result of the above violations of the FDCPA, the Safeguard is liable to the Plaintiff for declaratory judgment that Safeguard's conduct violated the FDCPA, and Tichy's actual damages, which include damages for emotional distress, trespass, statutory damages, costs and attorney's fees and for such other and further relief as may be just and proper.

62. Safeguard's conduct described above constitutes a pattern and practice of violations of the FDCPA.

63. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for declaratory judgment that defendant's conduct violated the FDCPA, and Plaintiff's

actual damages, which include damages for emotional distress, statutory damages, costs and attorney's fees and for such other and further relief as may be just and proper.

### COUNT VIII: BREACH OF SERVICER DUTY OF GOOD FAITH BY RUSHMORE

64. Tichy repeats and realleges and incorporates by reference all of the paragraphs above as if set forth fully in this Count VIII.

65. The conduct of Rushmore either per se or through its agent Safeguard described herein constitute repeated failures by Rushmore to act in good faith toward Tichy in the servicing of the Tichy Loan in violation of the mandate of 14 M.R.S. § 6113(2) which required Rushmore to act in good faith in the servicing of the Tichy Loan.

66. The conduct of Rushmore either per se or through its agent Safeguard in violating the duty of good faith which it owed to Tichy has resulted in actual damages to Tichy including, without limitation, legal expense in the Foreclosure Action and emotional distress.

67. The conduct of Rushmore or that of its agent Safeguard described above evidences a pattern and practice of Rushmore in violating its duty of good faith entitling Tichy to recovery of statutory damages not exceeding $15,000.00.

68. The conduct of Rushmore or that of its agent Safeguard in violating the duty of good faith which it owed to Tichy entitles her to recover her legal fees in this action.

### COUNT IX: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

69. Tichy repeats and realleges and incorporates by reference all of the paragraphs above as if set forth fully in this Count IX.

70. Rushmore and Safeguard owed a duty to Tichy to avoid actions in the Foreclosure Action which violated State and Federal law where the likely result from such action was to

cause Tichy to incur additional legal fees with respect to the Foreclosure Action and severe mental and emotional distress

71. Rushmore and Safeguard breached their duties to Tichy as enumerated above.

72. Rushmore's and Safeguard's conduct as described in the preceding paragraphs was the result of malice in that the conduct was outrageous and was carried out with reckless indifference to the rights of Tichy and as part of a pattern and practice of Rushmore in similar dealings with other borrowers.

73. As a result of Rushmore's and Safeguard's breach of their duty of due care owed to her, Tichy has been damaged.

**WHEREFORE**, Plaintiff Tichy prays for awards of compensatory damages and exemplary damages and for such other and further relief as the court shall deem appropriate and for her costs.

Dated at Lisbon Falls, Maine this 3rd day of September, 2020.

John D. Clifford, IV, Esq.
Bar No: 146
**Attorney for Plaintiff**
**CLIFFORD & GOLDEN, P.A.**
**5 Maple Street**
**P.O. Box 368**
**Lisbon Falls, Maine 04252**
**(207) 353-9366**